IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01837–REB–KMT


IDUS MARK WRIGHT,

      Applicant,

v.

AL ESTEP, Warden for Fremont Correctional Facility, and
JOHN W. SUTHERS, Colorado Attorney General,

      Respondents.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 3, filed August 31, 2007).  Pursuant to

the Order of Reference dated October 23, 2007 (Doc. No. 11), this court has reviewed the

Application, Respondents' Answer ("Answer") (Doc. No. 15, filed October 30, 2007), the

pertinent parts of the state court record, the case file, and the applicable law, and is sufficiently

advised to recommend that Petitioner's Application be DISMISSED WITH PREJUDICE.

## I.      BACKGROUND

Petitioner, Idus Mark Wright, pleaded guilty to a sexual assault that occurred on August

4, 1998.  (Answer, App. F at 3.)  Because of a legal error in his original sentence, he was

resentenced for the offense in 2004.  (*Id.*)  For the crime of First Degree Sexual Assault by

Physical Force, Petitioner was sentenced to a term of twenty-four years' imprisonment, plus five

years' mandatory parole.  (*Id.*; 98CR316 at 150.)  The Colorado Court of Appeals ("CCA")

affirmed Petitioner's sentence.  (*Id.* at 6.)  The Colorado Supreme Court ("CSC") denied

certiorari on June 26, 2006 (Answer, App. J), and the mandate issued on July 3, 2006 (Answer,

App. K).

Petitioner filed his present Application on October 30, 2007, asserting the following

claims:  (1) his sentence eight years into the aggravated range is not permissible without a

finding of aggravation; and (2) the CCA decided a question of substance in a way not in accord

with applicable decisions.  (Application at 9, 12.)

## II.     LEGAL STANDARDS

### A.      Pro Se *Petitioner*

Petitioner is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

2

upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A

court may not assume that a Petitioner can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a Petitioner has not alleged. *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also*

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply

additional factual allegations to round out a Petitioner's complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the Petitioner in the absence of any discussion of those issues"). The Petitioner's

*pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296

F.3d 952, 957 (10th Cir. 2002).

### B.       Title 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted

only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly

established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable

application of . . . clearly established Federal law, as determined by the Supreme Court."

*Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159

(10th Cir. 1999). A decision is contrary to Federal law when it contradicts prior Supreme Court

precedent and arrives at a conclusion that is "diametrically different" from that precedent.

*Williams*, 529 U.S. at 406. A decision involves an unreasonable application of Federal law when

it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on

the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it

concludes] in [its] independent judgment that the state court applied the law erroneously or

incorrectly.  Rather, [the Court] must be convinced that the application was also 'objectively

unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000),

*overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court

findings of fact pursuant to this Court's habeas review.  *Sumner v. Mata*, 455 U.S. 591, 592–93

(1982).  As such, Petitioner bears the burden of rebutting this presumption "by clear and

convincing evidence."  28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470

(10th Cir. 1997).  Federal courts must "face up to any disagreement as to the facts and to defer to

the state court . . . ."  *Sumner*, 455 U.S. at 597–98.

## IV.    ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF

Respondents do not challenge the timeliness of the Application under the one-year

limitation period set forth in 28 U.S.C. §2244(d)(1).

## V.    EXHAUSTION OF CLAIMS IN STATE COURT AND PROCEDURAL DEFAULT

A writ of habeas corpus may not be granted unless the applicant has exhausted his

available state court remedies, with an exception for circumstances in which the existing

remedies are not sufficient to protect the applicant's rights.  28 U.S.C. § 2254(b)(1).  Exhaustion

requires that "the federal issue has been properly presented to the highest state court, either by

direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*,

36 F.3d 1531, 1534 (10th Cir. 1994).

Respondents state, and the court agrees, that Petitioner has effectively raised one claim,

that his sentence violates the rule in *Blakely v. Washington*, 542 U.S. 296 (2004).  Petitioner

raised this claim at all stages of Colorado's review process and, thus, has exhausted this claim.

## VI.    *ANALYSIS ON THE MERITS*

Petitioner asserts that the trial court imposed an aggravated range sentence based entirely

on constitutionally impermissible factors, and that the CCA erred in determining that the trial

judge relied on Petitioner's prior conviction to aggravate his sentence.

The CCA analyzed the claim as follows:

> Defendant first contends that the trial court violated his rights to due
> process and trial by jury when it imposed a sentence beyond the presumptive
> range in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147
> L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S.296, 124 S.Ct. 2531,
> 159 L.Ed.2d 403 (2004).  We disagree.
> Under *Apprendi* and *Blakely*, an aggravated range sentence must be based
> "on at least one of four kinds of facts: (1) facts found by a jury beyond a
> reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge
> after the defendant stipulates to judicial factfinding for sentencing purposes; and
> (4) facts regarding prior convictions." *Lopez v. People*, 113 P.3d 713, 716 (Colo.
> 2005).  Only one type of fact is necessary to constitutionally support an
> aggravated range sentence. *Lopez v. People*, *supra*, 113 P.3d at 731; *see also*
> *DeHerrera v. People*, ___ P.3d ___, ___ (Colo. No. 04SC446, Nov. 7, 2005).
> Here, the trial court based defendant's aggravated range sentence on the
> seriousness of the offense, defendant's having dragged the victim to a more
> secluded spot to commit the offense, defendant's having continued the assault
> until the victim caused it to terminate, and defendant's prior criminal record.
> Defendant did not admit, the jury did not find beyond a reasonable doubt,
> and defendant did not agree that the court could find facts relating to the
> seriousness of the offense, defendant's positioning of the victim, or the reason the
> assault terminated.  Consequently, we conclude that the trial court could not
> constitutionally rely on these facts to impose an aggravated range sentence on
> defendant.
> However, defendant had previously been convicted of a felony, i.e.,
> burglary, and the trial court's aggravated sentence could constitutionally rest on

that fact alone.  *See Lopez v. People*, *supra*; *DeHerrera v. People*, *supra*. Consequently, we conclude that the trial court's sentence was not imposed in violation of *Apprendi* or *Blakely*.

(Answer, App. F at 4–5.)

In *Apprendi,* the Supreme Court held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). *Blakely* further explained the requirement enunciated in *Apprendi,* and noted that the presumptive maximum is the highest sentence a trial court can impose on the basis of the jury verdict or facts admitted by the defendant without making additional factual findings. *Blakely*, 542 U.S. at 303.  However, the Court reaffirmed that the fact of a prior conviction is an exception to the jury-finding requirement. *Id.* at 301.  Thus, pursuant to *Apprendi*, instead of submitting the fact of a defendant's prior conviction to the jury, the trial court may take judicial notice of a prior conviction in support of its sentencing decision.

Applicant's prior state court felony conviction is a factual finding that is presumed correct in this federal habeas proceeding, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(d).  Petitioner does not dispute the prior conviction.  Here, the CCA found that the trial court properly relied on Petitioner's prior conviction in imposing an aggravated range sentence.  Moreover, the record reflects that at the sentencing hearing, when considering aggravating circumstances, the trial court judge stated, "I'm compelled to take into account that you do have a prior criminal record . . . .  You had one prior felony at the time of this offense." (*Id.*; 98CR316, Tr. of Sentencing Hr'g, May 27, 2004, at 27, ll. 12–15.)

6

Therefore, this court finds that the trial court's imposition of an aggravated range sentence was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, this claim is properly denied.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite

the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of January, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge